IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01247-BNB

DAVID L. BURKHART,

Plaintiff,

v.

CITY AND COUNTY OF DENVER ex rel. JOHN HICKENLOOPER,
J. BOLLWAHN, Badge No. P00015, Denver Police Officer,
L. AITKEN, Badge No. P98008, Denver Police Officer,
JOHN DOE # 1, Denver Police Officer, and
JOHN DOE # 2, Denver Police Officer,

Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 10 2008

GREGORY C. LANGHAM
CLERK

## ORDER TO FILE AN AMENDED COMPLAINT

Plaintiff David L. Burkhart currently is detained at the Arapahoe County Detention Facility, in Centennial, Colorado. He has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court must construe the Complaint liberally because Mr. Burkhart is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *Hall*, 935 F.2d at 1110.

Mr. Burkhart claims that Denver police officers violated his Fourth and Fourteenth Amendment rights when they stopped him, failed to ask him for identification, and brutally assaulted him. He further asserts that Defendants J. Bollwahn and L. Aitken corroborated a story that he was in the Denver city limits all day

on November 27, 2007, when he was actually in the Aurora city limits, and that Defendants Bollwahn and Aitken transported him to the Denver Jail rather than contacting the Aurora Police Department to transport him to the Aurora jail facility. Mr. Burkhart also contends that he contacted Defendant Mayor Hickenlooper regarding his arrest, and the matter was referred to the city attorney's office, but no one has returned his call from the attorney's office. Plaintiff concludes that the arresting officers failed to follow state and federal guidelines, which has affected his criminal proceeding. Plaintiff seeks money damages.

It appears that Mr. Burkhart is facing criminal charges in state court and that he is alleging Defendants have violated his constitutional rights during the course of the criminal proceedings. Mr. Burkhart may not recover damages for the illegal arrest claim because the claim challenges the validity of a possible conviction and sentence. *See Heck v. Humphrey*, 512 U.S. 477 (1994).

In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. "*Heck* precludes § 1983 claims relating to pending charges when a judgment in favor of the plaintiff would necessarily imply the invalidity of any conviction or sentence that might result from prosecution of the pending charges. Such claims arise at the time the charges are dismissed." *Beck v. City of Muskogee Police Dept.*, 195 F.3d 553, 557 (10th Cir.

1999).

Although "[c]laims arising out of police actions towards a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur," *Beck*, 195 F.3d at 558, to recover compensatory damages Plaintiff must prove not only that the arrest was unlawful, but that it caused him actual, compensable injury that does not encompass the "injury" of being convicted and imprisoned, *Heck*, 512 U.S. at 487 n. 7. Because Plaintiff fails to assert an injury other than the possible effects the illegal arrest may have on his criminal proceeding, his claims, as they relate to his criminal proceeding, are barred by *Heck*.

With respect to Plaintiff's claim that he was grabbed and brutally assaulted, he fails to assert personal participation by each named defendant. To establish personal participation, Mr. Burkhart must show how each named defendant caused a deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Therefore, Mr. Burkhart will be directed to file an Amended Complaint that clarifies who is responsible for the alleged assault and that asserts specific facts demonstrating how each named defendant personally participated in the assault. In

order for Mr. Burkhart to state a claim in federal court, his Amended "[C]omplaint must explain what each defendant did to him [ ]; when the defendant did it; how the defendant's action harmed him [ ]; and, what specific legal right [he] believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Burkhart file **within thirty days from the date of this Order** an Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Burkhart, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Amended Complaint. It is

FURTHER ORDERED that if Mr. Burkhart fails within the time allowed to file an Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED at Denver, Colorado, this 9th day of July, 2008.

BY THE COURT:

*s/Craig B. Shaffer*
Craig B. Shaffer
United States Magistrate Judge

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01247-BNB

David L. Burkhart
Prisoner No. 07-16622
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 7/10/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk