IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG -4 2008

GREGORY C. LANGHAM
                    CLERK

Civil Action No. 08-cv-01247-BNB

DAVID L. BURKHART,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, ex rel. JOHN HICKENLOOPER,
J. BOLLWAHN, Badge No. P00015, Denver Police Officer,
L. AITKEN, Badge No. P98008, Denver Police Officer,
JOHN DOE # 1, Denver Police Officer, and
JOHN DOE # 2, Denver Police Officer,

    Defendants.

---

### ORDER TO FILE A SECOND AMENDED COMPLAINT

---

Plaintiff, David L. Burkhart, currently is detained at the Arapahoe County Detention Facility, in Centennial, Colorado. On June 5, 2008, he filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. The Court reviewed the merits of the Complaint and directed Mr. Burkhart to file an Amended Complaint that asserts personal participation by named defendants. On August 1, 2008, Mr. Burkhart filed an Amended Complaint. For the following reasons, Mr. Burkhart will be instructed to file a Second Amended Complaint.

In the Amended Complaint, Mr. Burkhart has listed two Defendants, the State of Colorado and the Attorney General, in the caption and in Section "A. Parties." The State of Colorado is an inappropriate party to the action, because "[i]t is well established that absent an unmistakable waiver by the state of its Eleventh Amendment

immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and Congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).

As for the Attorney General, Mr. Burkhart fails to assert how he personally participated in the alleged constitutional violations.

Mr. Burkhart, nonetheless, has listed individuals in Section "C. Nature of the Case," whom he alleges acted under color of state law while violating his constitutional rights. These individuals should be listed in the caption and in Section "A. Parties." Therefore, Plaintiff again will be instructed to amend the Complaint. He is directed to name all Defendants who acted under color of state law in violating his constitutional rights in both the caption and Section A. of the complaint form. He also must provide the addresses for each named Defendant in Section A. Accordingly, it is

ORDERED that Mr. Burkhart file **within thirty days from the date of this Order** a Second Amended Complaint that is in keeping with the instant Order. It is

FURTHER ORDERED that the Clerk of the Court mail to Mr. Burkhart, together with a copy of this Order, two copies of a Court-approved Prisoner Complaint form to be used in submitting the Second Amended Complaint. It is

FURTHER ORDERED that if Mr. Burkhart fails within the time allowed to file a Second Amended Complaint that complies with this Order, to the Court's satisfaction, the action will be dismissed without further notice.

DATED August 4, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01247-BNB

David L. Burkhart
Prisoner No. 07-16622
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 8/4/08

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk