IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-01247-BNB

DAVID LEE BURKHART,

    Plaintiff,

v.

AURORA POLICE OFFICER DETECTIVE CAVILIRI,
DENVER POLICE OFFICER J. BOLLWAHN, Badge No. P-00-015,
DENVER POLICE OFFICER L. AITKEN, Badge No. P-98-008,
DENVER POLICE OFFICER JOHN DOE # 1,
DENVER POLICE OFFICER JOHN DOE # 2,
ARAPAHOE COUNTY DISTRICT COURT JUDGE SAMOUR,[1] and
CITY AND COUNTY OF DENVER ex rel. JOHN HICKENLOOPER,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

AUG 22 2008

GREGORY C. LANGHAM
CLERK

## ORDER OF DISMISSAL

Plaintiff David Lee Burkhart is a pretrial detainee and is currently held at the Arapahoe County Detention Facility in Centennial, Colorado. Mr. Burkhart originally initiated this action by filing a *pro se* Prisoner Complaint pursuant to 42 U.S.C. § 1983 alleging that his Fourth and Fourteenth Amendment rights were violated when he was stopped by Denver police officers, asked for identification, and brutally assaulted. Magistrate Judge Craig B. Shaffer reviewed the original Complaint and instructed Plaintiff to file an Amended Complaint that asserted personal participation regarding his assault claim. Magistrate Judge Shaffer further instructed Plaintiff that the claims regarding his alleged illegal arrest are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). On August 1, 2008, Plaintiff filed an Amended Complaint. The Amended Complaint was found to be

---

[1] Plaintiff lists Judge Semour as a defendant. The Judge's name is spelled "Samour."

deficient because Plaintiff failed to list properly named Defendants in the caption of the complaint form. Plaintiff was instructed to file a Second Amended Complaint, which he did on August 11, 2008.

The Court must construe liberally the Second Amended Complaint because Mr. Burkhart is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the Second Amended Complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. *See id.* For the reasons stated below, the Complaint and the action will be dismissed.

In the Second Amended Complaint, Mr. Burkhart Raises four claims. In Claim One, he asserts that his Fourth and Fourteenth Amendment rights were violated because Defendants J. Bollwahn and L. Aitken, who are Denver police officers, stopped and detained him without probable cause. In Claim Two, Mr. Burkhart asserts that his due process rights are being violated because Defendant Judge Samour has subjected him to excessive bail, and in Claim Three, he asserts that Defendant Judge Samour has violated his right to cross examination of witnesses. In Claim Four, Plaintiff asserts that Defendant Caviliri lied to a magistrate judge to secure a warrant for his arrest, which allowed the Denver police to brutally assault him, and finally in Claim Five, he asserts that Defendant John Hickenlooper has failed to respond to his inquiries regarding the police officers actions and to investigate the training procedures used to train these

2

officers. As relief, Mr. Burkhart seeks a lowering of his bail from $50,000 to a personal recognizance bond. He also seeks a temporary restraining order against the Denver Police Department.

For the most part, Plaintiff's claims involve his pending criminal procedure in state court. To the extent he challenges his arrest, his bail, the cross examination of the witnesses in his criminal procedure, and the legality of his arrest warrant, his sole federal remedy is a writ of habeas corpus pursuant to 28 U.S.C. § 2254, *see Preiser v. Rodriguez*, 411 U.S. 475, 504 (1973), after exhaustion of state remedies, *see* 28 U.S.C. § 2254(b)(1). The Court, nonetheless, will refrain from considering this action as filed pursuant to § 2254. Mr. Burkhart is able to file a § 2254 action if he does not agree with the outcome of his state criminal proceedings, and once he has exhausted his state court remedies.

Mr. Burkhart's excessive force claim lacks merit. First, Plaintiff's statement that he was "forcibly abducted" is conclusory and vague. (Compl. at 4.) Second, Plaintiff's claim that Defendant Aitken "grabbed [his] left wrist and pushed [his] elbow out effecting an 'arm-bar' hold" and "put [his] left wrist in one side [of the handcuffs] and then forcefully grabbed [his] right wrist and 'slapped' the other side of the handcuffs on," (Compl. at Attach. 2), does not state a claim of excessive force. Furthermore, Defendant Aitken's grabbing of Plaintiff's left arm and pushing him to the right side to obtain Plaintiff's wallet from his rear pocket also does not state a claim of excessive force. (Compl. at Attach 3.) Plaintiff fails to assert any physical injury due to the alleged use of excessive force at the time of his arrest and his handcuffing. A claim of excessive force requires some actual injury that is not de minimis. *Cortez c. McCauley*, 478 F.3d 1108, 1129 (10th Cir. 2007).

3

Because Plaintiff's excessive force claim lacks merit his claim that Defendant John Hickenlooper failed to investigate the alleged excessive force claim also lacks merit.

The Court further finds that Mr. Burkhart's Second Amended Complaint suffers from yet another deficiency. Defendant Judge Samour is an inappropriate party to the action. He is absolutely immune from liability in civil rights suits when he is acting in his judicial capacity, unless he acts in the clear absence of all jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991); *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); *Hunt v. Bennett*, 17 F.3d 1263, 1266-67 (10th Cir. 1994). Judge Samour's decision regarding Plaintiff's bail and the cross-examination of witnesses in Plaintiff's criminal proceedings are actions taken in his judicial capacity. He was not acting in the clear absence of all jurisdiction. Therefore, the claims asserted against Judge Samour are barred by absolute judicial immunity. Accordingly, it is

ORDERED that to the extent Plaintiff raises claims more properly addressed in a 28 U.S.C. § 2254 action the Complaint and action are dismissed without prejudice. It is

FURTHER ORDERED that to the extent Plaintiff raises an excessive force claim the Complaint and action are dismissed as legally frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

DATED at Denver, Colorado, this 20 day of Aug, 2008.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-01247-BNB

David L. Burkhart
Prisoner No. 07-16622
Arapahoe County Detention Facility
PO Box 4918
Centennial, CO 80155-4918

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 8/22/08

GREGORY C. LANGHAM, CLERK

By: _____
        Deputy Clerk